HERBERT U. Ross, Doing Business under the Name of " Ross EMPLOYMENT SERVICE ", Plaintiff, *v.* WARD B. ARBURY et al., as Members of the State Commission Against Discrimination, Defendants.

Supreme Court, Special Term, New York County, June 18, 1954.

*Burke & Burke* for plaintiff.

*Henry Spitz* for defendants.

CORCORAN, J. In this action for a declaratory judgment against the members of the State Commission Against Discrimination, both the plaintiff and the defendants move for summary judgment.

The State Commission Against Discrimination, in reliance on its statutory rule-making power (Executive Law, § 295, subd. 5), adopted a regulation which reads, in part, as follows: " 1. *Posting of Notices.* Every employer, employment agency and labor organization, subject to the Law Against Discrimination, shall post and maintain at their establishments, notices furnished by the State Commission Against Discrimination, indicating the substantive provisions of the Law Against Discrimination, where complaints may be filed and such other information as the State Commission Against Discrimination deems pertinent."(N. Y. Official Compilation of Codes, Rules & Regulations [4th Off. Cum. Supp.], p. 705.)

The notice drafted by the commission is twelve and one-half inches long by nine and three-fourths inches wide and is printed in black letters on white cardboard.

At the top of the notice appear the State Seal and the following:

" STATE OF NEW YORK
EXECUTIVE DEPARTMENT
State Commission Against Discrimination
This Establishment Is Subject To The Law
Against Discrimination "

The notice then briefly states the objectives of the law, advises that an aggrieved person can file a complaint, and gives the addresses of the commission's local offices for anyone who has any questions as to his rights under that law or who desires further information or advice. There is no issue with respect to the form of the notice.

The plaintiff, who conducts a licensed employment agency, commenced this action against the commission for a judgment declaring the regulation to be null and void, and for an injunction against the enforcement of it. There is no dispute as to the facts. The only question involved is a legal one. Does the commission have the power to adopt the regulation in question?

There are no cases directly in point on this question of whether the posting of notices can be required. Some illustrations of posting requirements have been brought to the court's attention by the commission. It points to the authority of the Industrial Commissioner to require the posting by employers of provisions of the Labor Law and of his rules and orders pursuant to section 201 of the Labor Law; and to similar authority under section 51 of the Workmen's Compensation Law. These illustrations of statutory authorization have no bearing on the question whether there is administrative power in the absence of specific legislation. The commission's other illustration with respect to the posting of notices concerning unemployment insurance as required by rule of the Industrial Commissioner without specific statutory authorization, is also of no value because no challenge of authority was ever made in the courts.

The plaintiff's attempt to find a specific guide to the answer is equally unavailing. In 1949, the commission sponsored legislation to authorize it specifically to require the posting (Sen. Int. No. 1817, Pr. No. 1968; Assem. Int. No. 1869, Pr. No. 1958).

The bills were not reported by the legislative committees to which they were referred. The plaintiff argues that the Legislature, by not acting, intended to deny the commission such power or authority. The rules of statutory construction on implications from legislative inaction must be applied cautiously, particularly in instances where bills have not been reported to the floor, or where there is no record indicating the reasons for the disposition of them. Frequently, legislative bodies prefer to leave acts which they deem administrative to administrative agencies in the exercise of their rule-making power. In this case, such a conclusion appears as reasonable as the one the plaintiff draws.

In the absence of more specific guides, the question of authority to make the regulation must be sought under the principles which broadly distinguish between regulations which are legislative in character and those which are administrative in character. Obviously, the legislative power cannot be delegated; but the administrative power may be. In *United States* v. *Grimaud* (220 U. S. 506), the court indicated what it understood by a delegation of the administrative rule-making power at page 517, as follows: "From the beginning of the Government various acts have been passed conferring upon executive officers power to make rules and regulations—not for the government of their departments, but for administering the laws which did govern. None of these statutes could confer legislative power. But when Congress had legislated and indicated its will, it could give to those who were to act under such general provisions ' power to fill up the details ' by the establishment of administrative rules and regulations, the violation of which could be punished by fine or imprisonment fixed by Congress, or by penalties fixed by Congress or measured by the injury done." In *Darweger* v. *Staats* (267 N. Y. 290, 306), the Court of Appeals cited the *Grimaud* case and summarized with approval the language which I have just quoted. It too used the phrase " power to fill up details " in connection with the delegation of the administrative rule-making power. The Court of Appeals then went on to say: " In this day when the demands upon the State Legislatures for necessary and important laws are increasing every year we must not be rigid in our construction of legislative power. More and more must the laws become general in form, leaving to commissions, boards or other administrative bodies the establishment of rules and regulations and the determination of the facts to which the general law will apply."

The " power to fill up details " is somewhat vague. In fact, it is frequently difficult to locate the line between the exercise of this power and the usurpation of the legislative power. Each case must be determined on its own facts.

Section 290 of the Executive Law states as a matter of public policy that " discrimination threatens not only the rights and proper privileges of its inhabitants but menaces the institutions and foundation of a free democratic state. A state agency is hereby created with power to eliminate and prevent discrimination in employment * * * and the commission established hereunder is hereby given general jurisdiction and power for such purposes."

The commission would be unable to carry out the purposes of this entirely new legislation unless it could familiarize persons whom the law is intended to protect with its provisions. Publicizing of the law in employment agencies, where discrimination is apt to begin, seems sensible. I can think of no more effective method of publicizing the law so as to accomplish the work which the Legislature set out for the commission. The object of the notice is not merely to catch violators. It is to make it manifest that there is a State policy against discrimination in employment. The methods of disseminating information about this law were left to the commission by the rule-making power in subdivision 5 of section 295. Section 290 is an adequate standard for the type of regulation adopted in this instance. The commission supplied a detail in implementation of and consistent with the power given to it. It did not write new law.

There is no merit in the plaintiff's attacks on the reasonableness of the regulation or the poster. The distinction between educating the public as to a law and advertising a law is abstruse. Thirteen million people cannot be educated as to the terms of a law of sweeping social significance unless it is advertised. To say that the regulation and poster are unnecessary and therefore unreasonable because the public is presumed to know the law is not a very persuasive argument. The legal presumption of the knowledge of the law imputes knowledge so as not to relieve a person from the legal consequences of his wrongful acts or contractual obligations. It is not indulged in as a substitute for educating the public as to social measures intended for the benefit of all the people of the State.

The defendant's motion is granted and the plaintiff's motion is denied. Settle order within five days.