Chief Judge Ftjld.
This case resembles Richards v. Kaskel (32 N Y 2d 524) in that the plaintiffs are tenants in a rent-controlled apartment building, located in Manhattan, who have brought a class action seeking a judgment declaring that a plan to co-operate the building never became effective to extinguish their rights as statutory tenants. Thus, in a complaint containing five causes of action, the plaintiffs seek a declaration that the plan is null and void because it failed to comply with the applicable provisions of New York City’s Bent, Eviction and Behabilitation Begulations of the Housing and Development Administration (§ 55, subd. c., par. [3], el. [a]) promulgated under the City Bent and Behabilitation Law (Administrative Code of City of New York, § Y51-1.0 et seq.).[1] There, however, the resemblance between this and the Richards case ends, since, in addition to such relief, the plaintiffs also request damages and a judgment declaring the plan invalid because it was improperly accepted for filing by the Attorney-General under the General Business Law (§ 352-e).
The plan’s sponsor, the defendant Washington Park Urban Benewal Corp., and the other corporate defendants denied the material allegations of the complaint, interposed a counterclaim for damages and, following the plaintiffs’ application for an *545 order enjoining consummation of the plan pending trial, moved for summary judgment dismissing the complaint on the ground that it failed to state facts sufficient to make out a cause of action. The Attorney-General, without filing an answer, moved to dismiss the complaint insofar as it affected him on the ground, among others, that a challenge to his acceptance of a co-operative plan under section 352-e of the General Business Law is reviewable only in a proceeding under CPLR article 78 and that the plaintiffs did not institute such a proceeding within the four-month statutory period required by CPLR 217. The plaintiffs thereupon moved to dismiss the answer and counterclaim and for summary judgment insofar as their declaratory judgment causes of action were concerned.
The court at Special Term properly dismissed two of the three causes of action against the sponsor for a declaratory judgment as well as the one against the Attorney-General.[2] On cross appeals by the plaintiffs and the defendants (other than the Attorney-General), the Appellate Division unanimously modified the resulting order by dismissing, as legally insufficient, the remaining two causes of action — one for declaratory relief and the other for damages — as well as the defendants ’ counterclaim (38 A D 2d 895).
The Appellate Division reached the right result. Quite obviously, the plaintiffs’ cause of action for damages cannot, as the court held, be sustained, since they neither purchased apartments nor expended money in reliance upon anything which the defendants did or said. Moreover, although the plaintiffs — contrary to the statement in the Appellate Division opinion (38 A D 2d, at p. 896) —were entitled to bring a class action challenging the methods by which the sponsor obtained approval of its plan to co-operate their building (see Richards v. Kaskel, 32 N Y 2d 524, supra), summary judgment was, nevertheless, properly granted dismissing the class action counts for the reason that the plaintiffs failed completely to demonstrate the existence of a triable issue of fact in support of their claim that the *546 sponsor was guilty of misconduct or misrepresentation in its promotion of the plan. This case, then, differs sharply from Richards v. Kashel, since there the purchasing tenants established that the sponsor-landlord had resorted to misrepresentations in order to put its plan across and thereby avoid the strictures of the rent laws designed for their protection.
The order appealed from should be affirmed, without costs.
Judges Burke, Breitel, Jasen, G-abrielli, Jones and Wachtler concur.
Order affirmed.

. Richards v. Kaskel (32 N Y 2d 524, supra), we note, involved New York City’s other emergency rent statute — the Rent Stabilization Law of 1969 (Administrative Codé, § X X51-1.0 et seq.).

. In dismissing the cause against the Attorney-General, the court pointed out that an amendment to the plan filed some months after its original acceptance, did not extend the time to challenge that acceptance, since the “ non-conformities [alleged to exist in the original plan] do not in any way relate to the scope or content of the amendment.”