Gabrielli, J.
 

 Petitioner Greenthal, Inc. seeks review of an order of the Appellate Division which reversed the order of Special Term granting petitioner’s application to quash a subpoena issued by respondent Attorney-General in aid of Ms investigation into petitioner’s real estate syndication offers.
 

 The facts are undisputed. On .December 31, 1970, respondent accepted for filing an offering plan of co-operative organization for apartment premises at 150 "East 61st Street, "ffow^York, N. Y., pursuant to section 352-e -of the General Business Law. Three amendments of the plan were filed. The plan is a
 
 u
 
 35% plan ” whereby if 35% or more of the tenants in occupancy
 
 *462
 
 a^ree, the leasing arrangements for the whole building could be converted to a co-operative basis with the attendant selling of shares. The amendment of June 23, 1971 filed with respondent declared the plan effective under the New York City Rent Stabilization Law (Administrative Code of City of New York, tit. YY), and the Code of the Real Estate Industry Association; and this amendment was accompanied by a sworn statement of petitioner’s vice-president that purchase agreements had been signed by 55 tenants constituting more than 41% of the tenants.
 

 Thereafter, an attorney for certain of the tenants registered a Complaint with the Attorney-General that the co-operative plan was improper because included in the 35% computation were people who were neither bona fide tenants nor bona fide purchasers. The subject subpoena was issued the following day and, upon petitioner’s motion it was quashed.
 

 The Appellate Division correctly held that the Attorney-General has specific subpoena power under the Martin Act (General Business Law, art. 23-A) for purposes of investigating allegations of wrongdoing on petitioner’s part in its offering plan of co-operative apartment' organization; and that collateral proceedings involving both tenants and the Attorney-General had no bearing on this power.
 

 The statutory scheme in the act shows the Attorney-General to be entirely within the powers allocated to him by the Legislature in issuing this subpoena. In the first place, the fact he accepts offering statements for filing does not mean he has “approved” them or that they thereby become “effective” so that he would thereafter be estopped from looking into transactions underlying those statements. The filing requirement is '.simply for the purpose of affording ‘ ‘ potential investors, purchasers and participants an adequate basis upon which to found tlheir judgment and shall not omit any material fact or contain aAy untrue statement of a material fact ” (General Business Law, § 352-e, subd. 1, par. [b]). Nothing in article 23-A, or in
 
 Schumann v. 250 Tenants Corp.
 
 (65 Misc 2d 253) requires that upüynYJe filing of a plan the Attorney-General is obliged to launch a detailed investigation as to the truthfulness of all the representations made in the statement. The statement is filed simply for informational purposes. The
 
 Schumann
 
 case holds
 
 *463
 
 that where it is claimed that the filed prospectus is deficient, the appropriate remedy is article 78 review from the Attorney-General’s acceptance for filing; but where there are allegations of actual fraud tenants are entitled to bring a plenary action (see, also,
 
 Richards
 
 v.
 
 Kaskel,
 
 32 N Y 2d 524, decided June 6, 1973) and the exclusive remedy does not lie with the Attorney-General. There was no holding that the Attorney-General has an affirmative duty to investigate all representations in offerings as they are filed.
 

 False or fraudulent representations in real estate syndicate offerings are specifically made crimes under the General Business Law (§ 352-e, subd. 1, par. [a]) and
 
 “whenever
 
 it shall appear to the attorney-general,
 
 either upon complaint or otherwise
 
 ” (§ 352, subd. 1; emphasis added) that skulduggery may be afoot he is authorized to start an investigation, and is accorded full use of the subpoena-power (§ 352, subds. 1, 2). Article 23-A is not only geared to prevent fraud, deception and wrongdoing, because of the filing requirements; it is also geared to assure investigation “upon complaint or otherwise” and appropriate civil or criminal follow-up procedures when wrongdoing, in fact, is found. As petitioner would have it, if wrongdoing could be concealed or successfully defended against long enough, the Attorney-General’s powers under article 23-A would be totally eclipsed. There is no authority for such a theory. Petitioner is attempting to trade on principles such as waiver, estoppel and collateral estoppel, none of which are remotely applicable here where the same issues and same parties were not brought together in any of the prior litigation.
 

 As noted, article 23-A provides that the Attorney-General may proceed either civilly or criminally; and if it were shown that he had thoroughly and unsuccessfully pursued a substantial point by one avenue or the other, his reactivation of that point by the alternative route would not be countenanced. But petitioner has not shown that the question whether the 35% figure is bona fide has been fully investigated in the other proceedings, and, of course, there has been a failure to show the subpoena to be a harassing tactic. Neither is there any claim that the scope of the subpoena is overbroad.
 

 The order of the Appellate Division should be affirmed.
 

 
 *464
 
 Chief Judge Fuld and Judges Burke, Bbeitel, Jasen, Jones and Waohtler concur.
 

 Order affirmed, with costs.