■ In the Matter of 160 WEST 87TH STREET CORP., Respondent, v LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York, Appellant, and BARBARA FISHER et al., Intervenors-Appellants.—Judgment, Supreme Court,

New York County, entered November 27, 1974, *inter alia,* directing the Attorney-General to accept the amendment declaring petitioner's plan of co-operative organization effective, unanimously affirmed, without costs and without disbursements. We conclude, upon the totality of the record before us, that the co-operative plan was properly declared effective. We also note, in such connection, that a further amendment has been accepted for filing (albeit conditional) in which the Attorney-General's principal objections to the initial amendment have been overcome. Moreover, petitioner offered rescission to all of the prior subscribers, but none has accepted. Although the trial below established the absence of any discriminatory inducements, no such hearing *de novo* was required in order to determine whether the Attorney-General had been arbitrary in not accepting the amendment for filing. The Attorney-General correctly contends that he is authorized, under article 23-A of the General Business Law, to inquire into the truth and accuracy as well as the fullness of disclosures made in a proffered amendment (cf. *Matter of Greenthal & Co. v Lefkowitz,* 32 NY2d 457) and to reject an amendment he perceives to be deficient for reasons of nondisclosure of improper inducements or similar relevant matters. The correctness of the Attorney-General's decision, then, should have been based on the administrative record. In light of subsequent events, however, the issue is now moot. Before concluding, we also note that the standing of the intervenors to litigate technical matters not raised by the Attorney-General in rejecting petitioner's initially offered amendment, absent a cross claim for article 78 relief, is questionable. (Cf. *Matter of Whalen v Lefkowitz,* 36 NY2d 75.) Finally, although the issue is academic in this proceeding since a sufficient number of necessary tenants subscribed in either event, the Attorney-General's argument that in computing the 35% requirement the base count must include rent-controlled apartments vacated after the plan is presented seemingly overlooks section 55 (subd c, par [3], cl [a]) of the New York City Rent, Eviction and Rehabilitation Regulations which specifically provides that "Housing accommodations vacant on the date the plan is presented, or subsequently vacated, shall not be included in the computation of the 35 percent requirement". Concur—Murphy, J. P., Tilzer, Lane, Nunez and Lynch, JJ.