Robert J. Stolarik, J.
This is a motion to dismiss the instant indictment: (a) on the grounds that there exists a jurisdictional or legal impediment to conviction of the defendant for the crimes charged; and (b) that the evidence before the Grand Jury was not sufficient to establish the offenses charged.
The defendant is charged with the misdemeanor of violating section 352-c (subd 1, par [c]) of the General Business Law by making "false representations and statements * * * to induce and promote the issuance, sale and promotion of interests in the New Holland Village Condominium.”
The defendant contends that the sale of a condominium unit is not within the criminal penalty provisions of section 352-c of the General Business Law. It is the defendant’s position that section 352-c of the General Business Law attaches criminal sanctions to the practice of employing false representations or statements to induce the purchase of securities as defined in section 352 of the General Business Law, that *812 condominium offerings are not within the subject matter of section 352 of the General Business Law and that, therefore, the indictment fails to accuse the defendant of a crime.
The Attorney-General opposes the defendant’s application and argues that the sale of condominiums is indeed subject to the provisions of article 23-A of the General Business Law. He contends that article 23-A clearly shows the intent of the Legislature to subject condominium offerings to the criminal sanctions of section 352-c of the General Business Law.
A reading and analysis of article 23-A of the General Business Law would seem to support this latter contention. Section 352-e sets forth the requirement to file an "offering statement” or "prospectus” when certain "securities” including "cooperative interests in realty” are offered for sale. Section 339-ee of the Real Property Law specifically defines condominiums as "cooperative interests in realty within the meaning of section three hundred fifty-two-e of the general business law,” so it seems to be clear that the New York State Legislature intended for condominium developers to be subject to the filing requirements of section 352-e. The question defendant raises, however, is whether or not a condominium developer is subject to the criminal sanctions contained in section 352-c. We find that this query should likewise be answered in the affirmative. Section 352-j of the General Business Law provides in pertinent part that "All the provisions of this article shall be fully applicable to real estate syndication offerings and security transactions described in subdivision one of section three hundred fifty-two-e of this article”.
It would seem clear then, that it was the intent of the Legislature to include condominium developers within the restrictions imposed by section 352-c, and to subject them to the penalties contained therein.
Indeed, a consideration of the overall content, intent, and purpose of article 23-A clearly indicates that the New York State Legislature intended to subject condominium offerings to the securities regulation provisions of the General Business Law.
Additionally, in Matter of Greenthal & Co. v Lefkowitz (32 NY2d 457), the Court of Appeals decided that the Attorney-General had civil investigatory authority with attendant subpoena power over situations involving false or fraudulent representations in real estate syndication offerings. (General *813 Business Law, § 352-e, subd 1, par [a].) The basis for the existence of such power was subdivisions 1 and 2 of section 352 of the General Business Law. The defendant does not dispute the fact that the Attorney-General has civil investigatory powers concerning condominium offerings. (Matter of Attorney-General v Cenvill Communities, 82 Misc 2d 418, 420, 421.) The sole statutory authority for the Attorney-General’s civil investigatory powers over condominiums, although not so stated in Cenvill (supra), is subdivision 1 of section 352 of the General Business Law. Such analysis must necessarily lead to the conclusion that the Legislature intended condominiums to be within the scope of section 352 of the General Business Law. To hold otherwise would be to negate the civil investigatory powers of the Attorney-General. It would seem that if condominiums are within the scope of section 352 of the General Business Law for civil investigatory purposes, it would logically follow that they fall within the provisions of section 352 for criminal prosecution purposes.
The defendant also argues that the Legislature intended to subject condominium offerings to the disclosure and filing provisions of section 352-e of the General Business Law, but to exclude them from sections 352 and 352-c of the General Business Law. Such an argument must necessarily be founded on the premise that the Legislature intended only to require the filing of a prospectus without regard to the truth and/or accuracy of the statements contained therein, and that the Attorney-General would have no jurisdiction to investigate, subpoena and prosecute with regard to improprieties in connection with the filing and other phases of condominium development. The court finds no legal basis to support such a contention and the premise upon which such an argument must be based is untenable. In fact, Cenvill clearly states that "the broad powers granted by the New York Legislature to the Attorney General in the regulation of condominiums are not restricted to the filing of offering plans. By the Martin Act, he is given authority to curb 'fraudulent practices’.” (Matter of Attorney-General v Cenvill Communities, supra, p 420.) Cenvill continues (p 422) that there is a "broad mandate of power specifically assigned to the Attorney-General by the Legislature in a specialized industry, arising out of the necessity for protecting New York citizens from the danger of fraudulent practices which might create irreparable injury.” It would seem it was the clear intent of the New York State *814 Legislature not only to subject the sale of condominiums to those regulations applicable to the sale of securities, but to cloak the Attorney-General with criminal prosecutorial power and civil investigative, subpoena and injunctive0 powers. Without this jurisdiction, the ability of the Attorney-General to effectively regulate condominium offerings would be severely curtailed, if not a total impossibility.
Accordingly, the court finds that condominiums fall within those definitions contained in section 352 of the General Business Law and that, therefore, the misdemeanor prosecution provisions of section 352-c of the General Business Law apply to condominium offerings.
With respect to the validity of this statutory framework, it is recognized that a criminal statute must " 'give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden’ * * * United States v Harries, 347 US 612, 617.” (Papachristou v City of Jacksonville, 405 US 156, 162.) It is the rule that for validity a criminal statute must be informative on its face (People v Firth, 3 NY2d 472, 474) and so explicit that " 'all men subject to their penalties may know what acts it is their duty to avoid’ ” (People v Vetri, 309 NY 401, 406).
Section 352-c of the General Business Law is informative on its face and gives adequate notice of the forbidden behavior. It clearly provides that a corporation employing false representations or statements "to induce or promote the issuance, distribution, exchange, sale, negotiation or purchase * * * of any securities or commodities, as defined in section three hundred fifty-two of this article * * * shall be guilty of a misdemeanor.”
The specific inclusion of the words "condominium” or "cooperative interest in realty” in section 352 of the General Business Law is unnecessary. The existing statutory framework and the clear intent of the Legislature to place the sale of condominium units under the provisions of its securities law (General Business Law, §§ 352-359-h; Matter of Attorney-General v Cenvill Communities, 82 Misc 2d 418, 419, supra) gives the defendant adequate notice of the conduct which is forbidden. To hold otherwise would be to subvert the legislative intent, and a penal statute will not be construed so strictly as to result in a perversion of the legislative intent. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 272.)
With reference to the motion to inspect the Grand Jury *815 minutes and to dismiss the indictment for legal insufficiency, the moving papers do not contain the factual allegations required by CPL 210.30. The court, however, has read the transcript of the evidence presented to the Grand Jury. The evidence presented meets the standard prescribed by CPL 190.65 in that legally sufficient evidence has been presented which provides reasonable cause for believing that the defendant committed the crime charged. The motion to inspect the Grand Jury minutes, accordingly, is granted to the extent that the court has examined the minutes, and on the court’s examination thereof, the motion to dismiss the indictment for legal insufficiency is denied.