OPINION OF THE COURT
Anthony J. Ferraro, J.
Defendants make a motion for summary judgment pursuant to CPLR 3212 contending that plaintiffs’ claim has no merit.
Plaintiffs make a cross motion for summary judgment on the ground that there is no defense to the action.
The action is for a declaratory judgment declaring Local Law 3-1978, adopted by defendant city, unconstitutional, unreasonable, ineffective and void.
Plaintiffs are a trade association of landlords and individual landlords owning apartment houses in Yonkers. Defendant City of Yonkers passed Local Law 3-1978 in March of 1978. The ordinance creates a multiple dwelling *701 commission empowered to collect money from multiple dwelling owners and to hold that money in case an emergency condition arises in the future. If an emergency situation develops in the opinion of the commission, it is empowered to use the owner’s money to make the repairs. All owners are required to deposit a half of month’s rent for each apartment unit up to a maximum of $5,000 per building. The commission determines the amount due and notifies the owner who must then pay the amount within 10 days. If payment is not made, the Corporation Counsel is required to apply to the City Court for the appointment of a receiver of rents. The commission may spend the landlord’s money when (1) it has declared an emergency condition to exist (2) it has determined that remedying the condition is the landlord’s responsibility (3) it has found that the landlord has been notified and (4) no work has been commenced immediately after notice to correct the condition. If the owner undertakes the repairs and they are not completed within 72 hours, the commission can use the money to make the repairs if the health officer or the building inspector finds that the work could have been done within that time. An owner may only appeal on the issue of whether an emergency condition existed and the amount expended was reasonable. The appeal must be taken to the Mayor and City Council. The Mayor is also the chairman of the commission. A violation of the law carries a fine of $250 for each day a violation occurs. No notice or hearing is provided prior to imposition of the fine and no right of appeal is granted.
Article IX (§ 2, subd [c]) of the New York State Constitution prohibits a municipality from enacting legislation which is inconsistent with State legislation. Article 7-A of the Real Property Actions and Proceedings Law (§ 769) provides for a special proceeding by tenants of multiple dwellings directing the deposit of rents into court to be used to remedy “conditions dangerous to life, health or safety”. This law is directed at the same subject in the same area. A local municipality is pre-empted from enacting legislation where the State’s legislation demonstrates a purpose to “occupy the field.” (Robin v Incorporated Vil. of Hempstead, 30 NY2d 347.) Some provisions of the local *702 law differ from the State enactment. A local ordinance may not permit what a State law prohibits nor prohibit what a State law permits. (Wholesale Laundry Bd. of Trade v City of New York, 17 AD2d 327, affd 12 NY2d 998.) The State law seeks to achieve the same result as the local law. The theory of compelling the landlord to make the repairs or using his money to do so if he fails is the same in both laws. Since the State law has spoken, the State law must prevail and pre-empts the local law.
Aside from being pre-empted, the local law in question is fraught with countless deficiencies. Section 1 authorizes the members of the commission to designate representatives to carry out their duties of inspection. No qualifications are specified for the designees. Yet the inspection determines the expenditure of the owners money. An abdication of legislative power to a private party is unconstitutional. Delegation of sovereign power is unauthorized. (Matter of Fink v Cole, 302 NY 216.)
The provision for the appointment of receivers by the Yonkers City Court imposes an obligation beyond the jurisdiction of the court. The Uniformed City Court Act promulgated by the State Legislature prohibits the City Courts from appointing receivers. The city cannot by local ordinance confer jurisdiction beyond that provided by the enabling legislation which created the court.
Furthermore, the local law denies to owners their right to procedural due process. Parties whose rights are to be affected are entitled to be heard and will not enjoy that right unless they are first notified (Fuentes v Shevin, 407 US 67, 80). The determination of the amount due is made by the commission without affording the owner an opportunity to be heard. His building is placed into receivership without a hearing. His money is spent without adequate notice or hearing. An emergency is declared without hearing. A fine of $250 a day may be imposed without a hearing by a law which fails to define what shall constitute a violation. A full right to appeal is denied. Every citizen is entitled to enjoy his property without governmental interference and may not be deprived thereof without due process. (Fuentes v Shevin, supra.)
*703 The concept of the local law is even more disturbing than its illegality. Even a suspected criminal is presumed innocent until proven guilty. Yet by this law the owner is assumed to be a civil violator before he even collects rent for the apartment, before he is proven a violator and even if he never becomes one. The tithe is exacted regardless of the violation. An acceptance of this concept would deal a shattering blow to our democratic process and propel us to the brink of tyranny. A government cannot survive as a government of the people when the people are made victims of the government.
Plaintiffs’ cross motion for summary judgment is granted and Local Law 3-1978 is declared unconstitutional, illegal and void. Defendants’ motion is denied.