OPINION OF THE COURT
Hortense W. Gabel, J.
The issue presented in this action for a declaratory judg *538 ment is the validity of New York City Local Law No. 88 of 1977 (adding, inter alia, subdivision m to section 2302 of the Administrative Code of the City of New York). This law mandates the licensing and regulating of "wheelchair accessible vans”, the installation of specified safety devices, the promulgation of safety standards and the establishment of rates to be charged to the public. The law vests regulatory and enforement power in the City Taxi and Limousine Commission.
The plaintiffs, Ambulance and Medical Transportation Association of New York and Weir-Metro Ambu-Service, Inc. (AMTANY) seek a preliminary injunction against the local law’s enforcement. The city has cross-moved to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 7) or to grant it summary judgment pursuant to CPLR 3212.
This court finds that Local Law No. 88 is a valid exercise of the city’s power to regulate the health and welfare of its citizens since (1) the State has not pre-empted the regulation of wheelchair accessible vans or invalid coaches as they are defined in article 30 of the Public Health Law, nor did it intend to pre-empt such regulation, (2) the local law is not inconsistent with the State’s legislation, (3) there is a legitimate distinction between the city’s needs and those of other parts of the State which permits local regulation, and (4) there has been no violation of due process.
Kindermann Fireproof Stor. Warehouses v City of New York (39 AD2d 266) established the criteria by which a local law affecting the health and welfare of its citizens may be tested against State action when it said (pp 268-269): "To effect a prohibition there must be found in the State law an intention to occupy the entire field to the exclusion of all other regulation (People v. Lewis, 295 N. Y. 42, 51). 'A municipality which is empowered to adopt health regulations may, in spite of general regulations by the State, adopt additional regulations or requirements where there is a real distinction between the city and other parts of the State. They must be based upon special conditions existing in the city.’ (Matter of Kress & Co. v. Department of Health, 283 N. Y. 55, 59). [T]he power of a municipality to enact legislation in a field covered by State legislation is limited to such legislation as is consistent with the State legislation. The municipal legislation must be supplementary and not proscribe anything permissible under State law, nor allow anything forbidden by State law *539 (Wholesale Laundry Bd. of Trade v. City of New York, 12 N Y 2d 998; People v. Lewis, supra). ”
Even though article 30 of the State Public Health Law gave the State Emergency Medical Services Council power to establish rules and regulations establishing minimum safety standards for invalid coach services and subdivision 3 of section 202 of the State Transportation Law authorized the Transportation Commissioner to set rates, there is nothing in the legislation or in the act’s legislative history to indicate that the State intended to pre-empt the field to the exclusion of local regulation.
Thus, minimal regulations of the State Emergency Medical Services Code have been promulgated exclusively for invalid coaches "in transit to or from facilities” providing medical care (10 NYCRR 800.3 [14]) and the code is silent as to all other invalid coach services. Nor has the Transportation Commissioner ever exercised his rate-making power. In fact, the range of regulations under both laws is distinguished by its paucity.
In view of the uniqueness of the city’s problems, the city has established more stringent local standards but these standards merely and wisely supplement those of the State’s. The regulatory, rate-making and licensing provisions of the local legislation do not prohibit what the State laws permit nor allow what the State laws forbid. (Wholesale Laundry Bd. of Trade v City of New York, 12 NY2d 998; People v Lewis, 295 NY 42; People ex rel. Oltarsh v Levy, 242 App Div 617, affd 266 NY 523.)
This court also finds that there has been no destruction of property rights nor has due process been violated by the enactment of Local Law No. 88 (NY Const, art IX § 2, subd [c], par [i]). Local Law No. 88’s standards and the Taxi and Limousine Commission’s rules are legitimate exercises of the police power and not confiscatory. AMTANY’s contention that its business may suffer by reason of the safety regulations required by Local Law No. 88 is insufficient reason for the city to abandon its effort to protect the health and welfare of residents who require wheelchair access van services (Mc-Callin v Walsh, 64 AD2d 46).
Since Local law No. 88 is valid and constitutional, plaintiff’s motion for a preliminary injunction is denied and the city’s motion to dismiss the complaint and for summary judgment is granted to the extent of declaring the law to be constitutional. *540 (Sweeney v Cannon, 30 NY2d 633; Lanza v Wagner, 11 NY2d 317.)