■ ALVIN APFELBERG et al., Respondents, v EAST 56TH PLAZA, INC., et al., Appellants, et al., Defendant.—Order and judgment (one paper), Supreme Court, New York County, entered July 25, 1980, which, *inter alia,* denied defendants-appellants' motion to dismiss the complaint for failure to state a cause of action and enjoined them from offering to sell or selling apartments until completion of certain disclosure, unanimously reversed, on the law, and motion to dismiss granted, without costs, and without prejudice to the commencement of a new action. Plaintiffs-respondents ("tenants") are rent stabilized tenants of premises 400 East 56th Street. Defendants-appellants ("landlords") are the sponsors of an "eviction type" offering plan to convert the premises to co-operative ownership, pursuant to article 23-A of the General Business Law (the "Martin Act"). The Attorney-General had been joined as a defendant for allegedly failing to properly investigate the landlord's offering plan. That action was dismissed, and no appeal was taken. The tenants' complaint sought judgment, prior to the acceptance for filing of the conversion plan by the Attorney-General, pursuant to subdivision 2 of section 352-e of the General Business Law declaring their right to inspect (a) the books and records of the sponsors, (b) the physical premises, and (c) the sponsors' leases and rental records, and also sought a stay. Defendants moved to dismiss for failure to state a cause of action. That motion was denied, the requested discovery granted, and the *status quo* maintained as between plaintiffs and defendants via injunctive relief, pending completion of discovery. The tenants' action was premature. The requested relief is inappropriate at the prefiling stage. Pursuant to the statutory scheme set forth in section 352-e of the General Business Law *et seq.,* the Attorney-General has exclusive responsibility of passing on the sufficiency of the offering "statement" or "prospectus" or "plan"; either accepting it for filing, prior to the public offering, or rejecting it and issuing a notice of deficiency (General Business Law, § 352-e, subd 2; *Richards v Kaskel,* 32 NY2d 524, 535, n 5). The fact that an offering statement or plan

is accepted for filing by the Attorney-General in no way signifies his approval or that it has become "effective" so as to preclude him from further investigation and legal action as to the underlying transactions *(Matter of Greenthal & Co. v Lefkowitz,* 32 NY2d 457, 463). The filing requirement is informational only. It mandates a statement of the minimum material facts considered necessary by the Legislature for the purpose of affording "potential investors, purchasers and participants an adequate basis upon which to found their judgment" (General Business Law, § 352-e, subd 1, par [b]; *Matter of Greenthal & Co., supra; Matter of Whalen v Lefkowitz,* 36 NY2d 75, 78). A determination by the Attorney-General to accept a plan for filing may not be challenged in advance (i.e., prefiling), as was attempted here, but only subsequent to the acceptance and then only in an article 78 proceeding testing whether his action was arbitrary or capricious *(Richards v Kaskel, supra,* p 535, n 5; *Matter of Greenthal & Co., supra,* p 463; *Tuvim v 10 E. 30 Corp.,* 32 NY2d 541, 545). The tenants are not deprived of a remedy. Should the Attorney-General refuse to further investigate and act, postfiling, the tenants still avail themselves of a plenary court action to challenge any fraud, illegality or other impropriety *(Matter of Greenthal & Co., supra; Richards v Kaskel, supra).* Our decision specifically recognizes this and is without prejudice to the institution of such an action. The mere fact that the Attorney-General accepted the plan for filing during the pendency of this matter affords no basis for our declining to review this important issue. The controversy is of a character which is likely to recur, given the vastly expanding number of co-operative conversions in this city *(East Meadow Community Concerts Assn. v Board of Educ.,* 18 NY2d 129, 135). We further note that the complaint is almost entirely grounded "upon information and belief", without indication of the sources of said information and belief. The allegations are conclusory and without support or probative value. Plaintiffs have failed to allege with sufficient particularity any facts demonstrating fraudulent practices on the part of the sponsors. (CPLR 3016, subd [b]; 3013.) They should not be permitted, on such a weak showing, to enjoin the entire conversion process. Concur—Murphy, P. J., Sandler, Silverman and Carro, JJ.