■ GERALD McGEE et al., Appellants, v HOWARD G. LEPOW et al., Respondents. — Order, Supreme Court, New York County (Shorter, J.), entered December 16, 1980, granting defendant's motion to dismiss the complaint, unanimously reversed, on the law, with costs and disbursements, and the motion denied. Plaintiffs, three rent-stabilized tenants, seek a declaration, as well as injunctive relief and damages against the sponsor of a co-operative conversion offering plan. In challenging the effectiveness of the plan, plaintiffs contend that 35% of the tenants in occupancy on May 29, 1980, the date of the plan's acceptance, did not agree to purchase, in that two of the tenants who ostensibly agreed to purchase, Holzberger and Rosenfeld, were not in actual occupancy on the crucial date. Moreover, they allege that the Holzberger and Rosenfeld leases were fraudulently executed for the sole purpose of permitting these tenants to be included in the class of tenants of whom 35% must purchase their apartments for the "eviction plan" to be declared effective. Plaintiffs contend that on May 29, 1980, they were the only occupants of the eight-apartment building which was undergoing major renovation. Plaintiffs also point out that the Holzberger lease was for a three-month period commencing April 15, 1980. An eviction plan to convert a building to co-operative ownership in the City of New York may not be declared effective unless "35% of the tenants in occupancy on the date the plan is accepted for filing by the

[A]ttorney [G]eneral have agreed to purchase dwelling units." (Administrative Code of City of New York, § YY51-6.0, subd c, par [9], cl [a].) The sponsor moved to dismiss for failure to state a cause of action (CPLR 3211, subd [a], par 7). Special Term, apparently viewing the motion as one for summary judgment, dismissed the complaint. Not only does the complaint state a cause of action, but issues are raised as to whether Holzberger and Rosenfeld were tenants in occupancy on the critical date and also as to whether their leases, for otherwise uninhabitable and vacant apartments, are bona fide or, rather, instruments by which to perpetrate fraud. Nor are plaintiffs limited to a CPLR article 78 review of the Attorney-General's acceptance of the plan for filing. When actual fraud is alleged the tenants "are entitled to bring a plenary action" *(Matter of Greenthal & Co. v Lefkowitz,* 32 NY2d 457, 463; see, also, *Richards v Kaskel,* 32 NY2d 524). Concur — Kupferman, J. P., Birns, Sandler, Sullivan and Carro, JJ.