■ In the Matter of GONKJUR ASSOCIATES et al., Respondents, v ROBERT ABRAMS, as Attorney-General of the State of New York, Appellant. — Order and judgment (one paper), Supreme Court, New York County (Katz, J.), dated September 15, 1981, vacating an earlier ex parte restraining order of that court (Asch, J.), dated January 26, 1981, which was issued pursuant to section 354 of the General Business Law on the application of the Attorney-General, and quashing judicial subpoenas issued pursuant thereto, unanimously modified, on the law, without costs, only to the extent of reinstating so much of the ex parte order as directs the parties named therein to appear and submit to examination and to produce the books and records designated therein and reinstating the subpoenas issued pursuant thereto, and otherwise affirmed. Petitioner Gonkjur Associates, seeking to convert a residential apartment building at One Plaza Street in Brooklyn to co-operative ownership, submitted as sponsor a proposed offering prospectus to the Department of Law for prefiling review under section 352-e of the General Business Law and associated regulations. A lengthy series of negotiations between petitioners and the Attorney-General ensued, resulting in the submission of some modifications. In September, 1980 a required physical inspection report of the premises was finally submitted. Petitioners alleged that they were led to believe that the plan as submitted was acceptable for formal filing. The Attorney-General, on the other hand, maintained that the plan was still deficient in that the physical inspection report revealed a need for substantial repair work which would have to be done by the apartment corporation, thus calling into question the adequacy of petitioners' estimated budget projection for the first year's operation. During the negotiations over the correction of this deficiency the Attorney-General was informed by an independent source that there had been a rent strike on the premises which was not disclosed in the offering plan. Upon inquiry by the Attorney-General as to whether there had been any applications to the Conciliation and Appeals Board by tenants for reductions of rent based upon diminution of services, the sponsor's counsel declined to respond. The Attorney-General was informed by counsel for tenants that a majority of the rent-controlled tenants in the building had been withholding rent for over a year, that numerous applications for reduction in rent had been filed with the Conciliation and Appeals Board, and that litigation concerning maximum base rent increases was pending. These items were not disclosed in the conversion plan submitted for filing. The Attorney-General thereupon

issued a comprehensive deficiency letter to petitioners' attorney in October, 1980, indicating a refusal to accept the plan for filing until these deficiencies were corrected. In November, 1980 the Attorney-General commenced an investigation with the issuance of office subpoenas to petitioners and their attorneys, pursuant to section 352 of the General Business Law. Petitioners notified the Attorney-General that these office subpoenas would not be honored, and commenced a CPLR article 78 proceeding to compel the Attorney-General to accept the offering plan for filing. During the pendency of that article 78 proceeding, the Attorney-General, anxious to pursue his investigation, obtained from Justice Asch on January 26, 1981, an ex parte order pursuant to section 354 of the General Business Law, restraining and preliminarily enjoining any acts in furtherance of the offer of securities in connection with the co-operative conversion and directing the issuance of judicial subpoenas. Petitioners then moved in February, 1981, by order to show cause (Tierney, J.), containing a restraining order, to vacate the ex parte order under section 354 and to quash the judicial subpoenas. This matter was submitted before Justice Greenfield in April, 1981. Meanwhile, Justice Katz at Special Term rendered a decision in the article 78 proceeding, determining that the sponsor had complied with all of the Attorney-General's demands for modification and additional information, rendering the proposed offering plan acceptable for filing. This ruling, dated either February 27 or March 5, 1981, (the record is not clear as to the precise date), was not entered in a form denominated an order and judgment (one paper) until June 25. By that time, the sponsor had already distributed to the building tenants the offering plan and the first two amendments thereto. In the interim, a motion by the Attorney-General to punish the sponsor for contempt of court for violation of the ex parte order of Justice Asch was referred to Justice Katz. On June 3, Justice Katz held a hearing and ruled from the Bench that his disposition in the article 78 proceeding (still not entered) effectively "removed the stay that Justice Asch had imposed on his 354 GBL ex parte order." Thereafter the motion before Justice Greenfield to vacate and quash the ex parte section 354 order and judicial subpoenas was referred to Justice Katz. On September 15, in the disposition herein being appealed, Justice Katz formally granted petitioners' motion to quash the subpoenas and vacate the restraining orders issued by Justice Asch under section 354, holding that "implicit in my [earlier article 78] ruling was a finding that there was insufficient evidence that any fraudulent practice has been or was about to be committed", and that such ruling was sufficient to permit petitioners to proceed with the co-operative conversion. On the Attorney-General's appeal, this court unanimously affirmed (*Matter of Gonkjur Assoc. v Abrams,* 82 AD2d 683), ruling that under section 352-e of the General Business Law, the Attorney-General was required, within 30 days after submission of an offering plan, to issue a letter indicating either an acceptance of the plan for filing or a notification indicating deficiencies in the offering statement. We thus affirmed Special Term's direction that the Attorney-General issue a letter declaring the offering plan filed. Nevertheless, we drew a clear distinction between the obligation of the Attorney-General to issue a letter of filing under section 352-e and his power to investigate under section 354. The fact that the Attorney-General accepts offering statements for filing does not constitute an approval of the plan so as to preclude his investigation into transactions underlying those statements (*Matter of Greenthal & Co. v Lefkowitz,* 32 NY2d 457, 462). The Attorney-General has "exceedingly broad" — indeed, "inquisitorial" — powers (*Matter of Attorney-General of State of N. Y. [American Research Council — Darvas],* 10 NY2d 108, 111, 113, remittitur amd 10 NY2d 810, cert den 368 US 947) under the Martin Act

(General Business Law, art 23-A) to investigate "all kinds of fraud incident to the sale of securities and commodities and to seek to enjoin such acts" (*Matter of Gonkjur Assoc. v Abrams,* 82 AD2d, *supra,* at p 689). This court there concluded that "the proof necessary to order the offering plan filed differed considerably from the proof necessary to vacate the ex parte order of January 26 which authorized an investigation into the truth, accuracy and completeness of the offering plan. Thus, the judgment ordering the filing of the offering plan and directing the Attorney-General to issue a letter to that effect could not and did not have the effect of vacating the ex parte order of January 26. *That can be accomplished only by a holding that the proof offered in support of that order was insufficient to warrant its issuance. That issue is now before Special Term. It will be there decided.*" (82 AD2d, at pp 689-690; emphasis added.) That issue is now here on this appeal. Plainly, Special Term failed to draw the necessary distinction, noted in our earlier opinion, between the obligation of the Attorney-General to accept or timely reject a submission under section 352-e of the General Business Law, and his extremely broad investigatory powers under section 354 to review such applications after filing. Special Term's reliance upon the test for sufficiency used in the earlier article 78 disposition demonstrates that the wrong standard was used in evaluating the Attorney-General's right to investigate under section 354. The record before us clearly establishes the right of the Attorney-General to conduct further investigation into the facts underlying petitioners' conversion plan. Information regarding the alleged rent strike, rent abatement orders, maximum base rent increases and litigation with respect thereto, was not disclosed. There were questions concerning structural deficiences, delayed maintenance of the premises and outstanding rent and housing maintenance violations. All of these matters might affect the first year's budget. It is not an answer that the petitioners ultimately furnished or purported to furnish the requisite information. The Attorney-General has adequately demonstrated that there are questions warranting an investigation. He is not barred from investigating the accuracy of the information furnished, even though we directed that the plan be accepted for filing (*Matter of Gonkjur Assoc. v Abrams,* 82 AD2d, *supra,* at p 690). Contrary to petitioners' contention, the Attorney-General is not required to make a final decision "to commence an action" before seeking judicially ordered examinations and subpoenas pursuant to section 354 of the General Business Law. A broadly defined determination that such a proceeding will be commenced is sufficient. It is clear that the Attorney-General is not required to institute an action under section 353 of the General Business Law, before he moves for examinations under section 354, which provides for such application "before beginning such action". Section 354 provides further that the "application for such order made by the attorney-general may simply show upon his information and belief that the testimony of such person or persons is material and necessary." "[T]he Attorney-General 'almost upon mere request * * * may have an examination before trial of parties or of witnesses' in a Martin Act investigation." (*Matter of Attorney-General of State of N.Y. [American Research Council--Darvas]* 10 NY2d, *supra,* at p 111.) Accordingly, we reverse so much of the order and judgment appealed from as vacates the judicial subpoenas and as vacates that part of the January 26, 1981 order of Justice Asch which directs petitioners to submit to examination and to produce the books, records and documents described therein. However, we affirm so much of the order appealed from as vacates the restraining orders contained in the order of Justice Asch. In the light of our prior determination directing the Attorney-General to accept the offering plan for filing, we believe it to be inappropriate to enjoin petitioners from proceeding with the offering plan. However, this disposition is without prejudice to an

application by the Attorney-General at Special Term for an injunction should his investigation reveal facts warranting such application. Concur — Sandler, J. P., Sullivan, Markewich, Fein and Milonas, JJ.