OPINION OF THE COURT
Eugene R. Wolin, J.
Local Law No. 70 of 1982 was enacted by the Council of the City of New York and approved by the Mayor in October, 1982; it became effective on February 1,1983. The law amends chapter 51 of the Administrative Code of the City of New York by adding a new title (§ YYYY51-1.0 et seq.) to the chapter. By its terms title YYYY regulates certain aspects of the conversion of rental units to cooperative or condominium status within the City of New York. Specifically, YYYY requires the sponsor of a conversion to do the following: first, within 30 days after the closing of the conversion, the sponsor must establish a reserve fund equal to 3% of the total purchase price of the conversion. This fund must then be transferred to the co *242 operative corporation or the board of managers of the condominium for their exclusive use for capital repairs, replacements or improvements (Administrative Code of City of New York, § YYYY51-3.0); and second, during the period beginning 30 days after the acceptance of the conversion plan by the Attorney-General until the closing of the conversion, the sponsor must post a listing of all violations of record filed against the building by the Department of Housing Preservation and Development of the City of New York. The notice must be in an area accessible to all tenants and new violations must be posted within 48 hours of issuance (Administrative Code, § YYYY51-5.0). Failure to comply with either of these provisions is a misdemeanor punishable by fines which may be imposed cumulatively. (Administrative Code, § YYYY51-8.0.) Enforcement of this law is vested in the Department of Housing Preservation and Development. (Administrative Code, § YYYY51-8.0, subd e.)
Aside from the Council for Owner Occupied Housing, Inc., which is a not-for-profit corporation, the individual plaintiffs and partnerships suing herein are owners of residential buildings which are projected to be converted to co-operative or condominium status in the future and which will be affected by the operation of the local law.[1] Arguing that the regulation of co-operative and condominium conversions is a matter exclusively within the jurisdiction of the State, the plaintiffs have brought the instant action for a judgment declaring Local Law No. 70 unconstitutional. Although the matter was before the court on the motion of plaintiffs for a preliminary injunction and the cross motions of defendants to dismiss, all parties have agreed that as no triable issues exist, the court may properly treat the motion and the cross motions as one for summary judgment. (Seagram & Sons v Hostetter, 45 Misc 2d 956, affd 23 AD2d 933, affd 16 NY2d 47, affd 384 US 35, reh den 384 US 967.)
In approaching the question of the constitutionality of a statute, the court is guided by several bright-line concepts: *243 first, the burden is on the party challenging the statute to prove beyond a reasonable doubt that the statute is constitutionally infirm (Seagram & Sons v Hostetter, supra; Defiance Milk Prods. Co. v Du Mond, 309 NY 537; Paterson v University of State of N. Y14 NY2d 432; Matter of Catapano Co. v New York City Fin. Admin., 40 NY2d 1074, app dsmd 431 US 910; McKinney’s Cons Laws of NY, Book 1, Statutes, § 150); next each legislative enactment carries with it a strong presumption of constitutionality and a court should strike down a statute only as a last resort (Defiance Milk Prods. Co. v Du Mond, supra; Matter of Spielvogel v Ford, 1 NY2d 558, app dsmd 352 US 957, reh den 352 US 1019; Matter of Ahern v South Buffalo Ry. Co., 303 NY 545, affd 344 US 367; McKinney’s Cons Laws of NY, Book 1, Statutes, § 150) and finally that a court of first instance should not exercise that transcendent power to set aside a statute as unconstitutional except in those rare cases where life or liberty is involved and where the invalidity of the statute is apparent on its face. (National Psychological Assn. for Psychoanalysis v University of State of N. Y., 18 Misc 2d 722, affd no opn 10 AD2d 688, affd 8 NY2d 197, app dsmd 365 US 298; People v Webb, 78 Misc 2d 253; Grimm v City of New York, 56 Misc 2d 525; McKinney’s Cons Laws of NY, Book 1, Statutes, § 150.)
The applicable State statute regulating the sale of real estate securities is section 352-e of the General Business Law; and in July, 1982 the State Legislature enacted section 352-eeee which applies to conversions within the City of New York. Pursuant to authority granted in subdivisions 2-b and 6 of section 352-e the Attorney-General has promulgated various rules and regulations setting forth the procedures to be followed for submission of an offering plan; these regulations are contained in 13 NYCRR subch B, parts 16-21. Neither the statutes nor the regulations require the sponsor to create a reserve fund or to post building violations. It is the position of the plaintiffs that the regulatory scheme established by these statutes and regulations evidences an intention by the State to fully occupy the field of co-operative and condominium conversions and preclude varying local legislation. It is further argued that by requiring the sponsor to create a specific *244 reserve fund, the local law prohibits something which is permitted by the State statute, i.e., approval of a conversion or an offering plan which does not provide for a reserve fund. Thus plaintiffs urge that title YYYY of the Administrative Code must be struck down as inconsistent with a State law of general application. Finally plaintiffs contend that the failure of the State Legislature to enact proposed legislation which would have required similar reserve funds in offering plans is indicative of a rejection of this concept by the Legislature.[2]
After consideration of the arguments and review of the relevant authority, the court does not agree with plaintiffs.
The mere fact that a local law may touch upon some of the same matters treated by the State law does not render the local law invalid automatically. Rather it is only when the State has evidenced a desire to occupy the entire field to the exclusion of local law that a municipality is powerless to act. (Wholesale Laundry Bd. of Trade v City of New York, 17 AD2d 327, affd 12 NY2d 998; People v Cook, 34 NY2d 100; People v Judiz, 38 NY2d 529; Monroe-Livingston Sanitary Landfill v Town of Caledonia, 51 NY2d 679; People v New York Trap Rock Corp., 57 NY2d 371.) In making such a determination the court should look to the legislative history of the statute as well as the existing regulatory machinery of the State. (Wholesale Laundry Bd. of Trade v City of New York, supra; Matter of Kress & Co. v Department of Health of City of N. Y., 283 NY 55; F. T. B. Realty Corp. v Goodman, 300 NY 140; Robin v Incorporated Vil. of Hempstead, 30 NY2d 347; Builders’ Council of Suburban N. Y. v City of Yonkers, 106 Misc 2d 700, affd 79 AB2d 696.) While it is true that sections 352-e and 352-eeee of the General Business Law regulate the sale of real estate securities, they are in essence disclosure laws. (Matter of Greenthal & Co. v Lefkowitz, 32 NY2d 457; Matter of Whalen v Lefkowitz, 36 NY2d 75; Apfelberg v East 56th Plaza, 78 AD2d 606, app dsmd 54 NY2d 680.) Those sections together with the regulations promulgated by the Attorney-General mandate disclosure of the minimum *245 facts considered necessary by the Legislature to guide potential investors in making a decision. As for those provisions of section 352-eeee which afford additional protection for elderly or disabled citizens, the court cannot infer from them an intention by the Legislature to occupy the entire multifaceted field of conversions. Nothing in either the statute nor the regulations compels the conclusion that the State has pre-empted this area and thus Local Law No. 70 cannot be held to be unconstitutional on that ground.
Although the State has not pre-empted an area, a local law may be struck down as inconsistent with existing State laws if the court finds either that the local law permits an act which has been specifically prohibited by the State law or its converse, that the local law prohibits an act which has been specifically permitted by State law. (Matter of Kress & Co. v Department of Health of City of N. Y., supra; People v Cook, supra; People v Lewis, 295 NY 42.) Admittedly neither the General Business Law nor the regulations promulgated by the Attorney-General require a sponsor to establish a reserve fund or to post building violations. However silence on this issue should not be interpreted as an expression of intent by the Legislature. To interpret a statute in that manner would vitiate the concept of home rule; anytime a State is silent the likelihood exists that a local law will regulate the activity and will prohibit something permitted elsewhere in the State. (People v Cook, supra, p 109.) Pursuant to article IX (§ 2, subd [c], cl [10]) of the New York State Constitution and section 10 (subd a, par [12]) of the Municipal Home Rule Law the local government has broad powers to enact legislation for the protection and welfare of persons and property. Thus the fact that both the State and a municipality seek to regulate an activity does not of itself create an inconsistency (People v Cook, supra; Sonmax, Inc. v City of New York, 43 NY2d 253); in this context “inconsistent” is not the equivalent of “different” and it is only those local laws which would contradict or be incompatible with the general laws of the State which must be struck down. (Town of Clifton Park v C.P. Enterprises, 45 AD2d 96.) Title YYYY of the Administrative Code, although it does impact on an *246 area regulated by the State, is an attempt to preserve the existing housing stock and to afford greater protection to tenants of buildings undergoing a conversion to co-operative or condominium status. (Local Laws, 1982, No. 70 of City of New York, § 1.) Clearly this is a legitimate governmental concern and title YYYY is part of the city’s general regulation of residential and commercial structures (see Administrative Code, § Y51-1.0 et seq., Rent Control Law; Administrative Code, § YY51-1.0 et seq., Rent Stabilization Law; Administrative Code, §C26-105.1 et seq., “Facade Law”; Multiple Dwelling Law, art 7-c, “Loft Law”). Title YYYY supplements the State regulatory process and implicit therein is a recognition that additional government control is necessary to meet the special housing problems existing in the City of New York (Matter of Kress & Co. v Department of Health of City of N. Y., supra; Matter of Stracquandanio v Department of Health of City of N. Y., 285 NY 93; Ambulance & Med. Transp. Assn. of N. Y. v City of New York, 98 Misc 2d 537, affd on opn below 70 AD2d 821, app dsmd 47 NY2d 1011; L 1982, ch 555, § 1; Local Laws, 1982, No. 70 of City of New York, § 1).
Finally there is no inference to be drawn from the failure of the Legislature to enact proposed legislation which would have required a reserve fund similar to that required by Local Law No. 70. There is no legislative record concerning these bills and thus the court would be forced to speculate as to the reasons for their disposition. That would be an exercise beyond the authority of this court. (Ross v Arbury, 206 Misc 74, affd no opn 285 App Div 886.)
Having determined that section YYYY51-1.0 et seq. of the Administrative Code is neither pre-empted by sections 352-e and 352-eeee of the General Business Law nor inconsistent with those statutes, but was a reasonable exercise of the legislative authority vested in the City Council, the inquiry of this court must end. (Matter of Spielvogel v Ford, 1 NY2d 558, supra; Defiance Milk Prods. Co. v Du Mond, 309 NY 537, supra.)
Accordingly, the motion of plaintiffs for judgment declaring section YYYY51-1.0 et seq. of the Administrative Code of the City of New York unconstitutional is denied *247 and the cross motions of the defendants for summary judgment dismissing the action is granted.

. The Attorney-General has begun to require compliance with Local Law No. 70 and has apparently refused to accept several offering plans which have not provided for a reserve fund.

. Senate Bill No. 8506-a and Assembly Bill No. 9930-a were introduced but not acted upon by the Legislature nor is there any legislative history available for either bill.