Harvey A. Eysman, Esq. Village Attorney, Russell Gardens
You have asked whether a village may adopt a local law requiring that when residential buildings are converted to cooperative ownership, funds be set aside by the sponsor for capital improvements.
Your letter notes that the Village of Russell Gardens, located in Nassau County, is considering adopting such a law. The amount of the fund would be a percentage of the selling price of the cooperative shares or of the condominium units sold. Your question is whether the village is authorized to require the cooperative and condominium developer to set aside funds for capital improvements.
Under the Municipal Home Rule Law, municipalities may adopt local laws in relation to the government, protection, order, conduct, safety, health and well-being of persons or property therein (Municipal Home Rule Law, § 10 [1] [ii] [a] [12]). This grant of the police power is limited by the requirements that its use must be reasonable (French Inv. Co. v Cityof New York, 39 N.Y.2d 587, 595-6, app dsmd 429 U.S. 990 [1976]). Police power regulations in the area of land use have been found to be unreasonable if they encroach on the exercise of private property rights without substantial relation to a legitimate governmental purpose (ibid.; 1982 Op Atty Gen [Inf] 227, 229).
In our view, a local law which requires a developer to set aside funds for capital improvements serves a legitimate governmental purpose. A legitimate governmental purpose is one which furthers the public health, safety, morals or general welfare (French Inv. Co. v City of New York,39 N.Y.2d at 595-596; 1982 Op Atty Gen [Inf] 227). In a 1982 opinion, we found that a local law which required cooperative and condominium developers to provide adequate storage, parking and recreational facilities to residents was in furtherance of the public health, safety and general welfare (1982 Op Atty Gen [Inf] 227). Because a fund for capital improvements also seeks to maintain certain living conditions for condominium and cooperative residents, it too serves a legitimate governmental purpose (Council for Owner Occupied Housing v Koch,119 Misc.2d 241, 246 [Sup Ct, N Y Co, 1983], affd 61 N.Y.2d 942 [1984]).
Local laws which serve a legitimate governmental purpose may nevertheless be found invalid if they regulate in an area which has been preempted by State law or if the local law is inconsistent with State law (Con. Ed. vTown of Red Hook, 60 N.Y.2d 99, 108 [1983]; People v DeJesus,54 N.Y.2d 465, 472 [1981]; Wholesale Laundry Bd. of Trade v City of NewYork, 17 A.D.2d 327, 329-330 [1962], 18 A.D.2d 968 [1963], affd12 N.Y.2d 998 on opn at 17 A.D.2d 327 [1963]).
Cooperative and condominium conversions are regulated by article 23-A of the General Business Law and by regulations enacted pursuant to that article (13 NYCRR, subch B pts 16-21). Section 352-e of the General Business Law makes various general provisions concerning offering plans for cooperatives and condominiums. Section 352-eee contains further offering requirements and also provides protection for senior citizens and disabled persons who reside in buildings subject to conversion. Subdivision 7 of section 352-eee provides, however, that the section's provisions shall apply only in those municipalities situate in the counties of Nassau, Westchester and Rockland whose governing bodies elect to be governed by its provisions. You have informed us that the Village of Russell Gardens has not elected to be covered by section 352-eee.
We do not believe that the election authorized by State law preempts the proposed law. In Council for Owner Occupied Housing, Inc. v Koch,119 Misc.2d 241 (Sup Ct, N Y Co, 1983), affd 61 N.Y.2d 942 (1984), the Court addressed the preemption and consistency issues with regard to New York City's Local Law No. 70 of 1982. Local Law No. 70 is similar to the proposal in your letter and requires sponsors of cooperative and condominium conversions to establish a reserve fund equal to 3% of the total purchase price of the conversion, to be transferred to the cooperative corporation or the board of managers "for their exclusive use for capital repairs, replacements or improvements" (119 Misc.2d at 241-242; Administrative Code of City of New York, § YYYY51-3.0). The issue in Council for Owner Occupied Housing was whether the local law was preempted by, or inconsistent with, the provisions of the General Business Law* and the applicable regulations. The Court concluded that there was no preemption and that the statute and regulations were limited in scope:
 "While it is true that sections 352-e and 352-eeee of the General Business Law regulate the sale of real estate securities, they are in essence disclosure laws. (Matter of Greenthal Co. v Lefkowitz, 32 N Y 2d 457; Matter of Whalen v Lefkowitz, 36 N.Y.2d 75; Apfelberg v East 56th Plaza, 78 A.D.2d 606, app dsmd 54 N.Y.2d 680.) Those sections together with the regulations promulgated by the Attorney-General mandate disclosure of the minimum facts considered necessary by the Legislature to guide potential investors in making a decision. As for those provisions of section 352-eeee which afford additional protection for elderly or disabled citizens, the court cannot infer from them an intention by the Legislature to occupy the entire multifaceted field of conversions. Nothing in either the statute nor the regulations compels the conclusion that the State has pre-empted this area and thus Local Law No. 70 cannot be held to be unconstitutional on that ground" (119 Misc.2d at 244-245).
We conclude that a village may adopt a local law requiring that when residential buildings are converted to cooperative ownership, funds be set aside by the sponsor for capital improvements.
* Cooperative and condominium conversion in New York City is governed by General Business Law, § 352-eeee. Applicability of section 352-eeee in New York City is mandated by the statute itself; unlike section 352-eee, the municipality has no option to determine whether the statute shall apply. For purposes of this analysis, section 352-eeee is essentially the same as the optional provisions of section 352-eee applicable in Nassau County.