■ E. & R. Mavin Construction Ltd., Appellant, v Robert Abrams, as Attorney-General of the State of New York, Respondent.—Judgment, Supreme Court, New York County (David Saxe, J.), entered December 10, 1990, which denied petitioner's application and dismissed its CPLR article 78

petition seeking, *inter alia,* to annul the Attorney-General's determination rejecting petitioner's proposed amendment to its condominium plan, unanimously affirmed, without costs.

The Attorney-General rejected petitioner's proposed third amendment to its condominium plan on April 10, 1990 upon the ground that less than 15% of the residential units were being sold to bona fide purchasers. *(See,* General Business Law § 352-eeee [2] [c] [i].)

At issue is the subscription for the purchase of apartment 3-C. When the subscription agreement was executed on January 17, 1990, the purchaser submitted a sworn affidavit declaring that she intended to occupy the unit in question. Thereafter, in response to a questionnaire from the Attorney-General, she stated that she did not intend to reside in the apartment nor did any of her immediate family members. Moreover, she stated that she intended to resell the apartment or obtain a substitute purchaser prior to occupancy.

Based on this information, the Attorney-General determined that the proposed purchase of unit 3-C was not bona fide and therefore ineffective within the intent of General Business Law § 352-eeee (2) (c) (i). Thereafter, the proposed purchaser submitted an amended questionnaire changing her answer to indicate that she did intend to reside in the apartment. However, petitioner never sought reconsideration of the Attorney-General's position but instead instituted this article 78 proceeding.

The Attorney-General may reject a submitted amendment in its entirety as a result of its lack of truth and accuracy *(see, Matter of 160 W. 87th St. Corp. v Lefkowitz,* 50 AD2d 732). Notably, this type of determination is distinguishable from a determination that a Martin Act (General Business Law art 23-A) fraud has occurred *(see, Badem Bldgs. v Abrams,* 120 AD2d 372, 372-373, *affd* 70 NY2d 45), which can only be made by a court after the Attorney-General institutes a proceeding *(see, e.g.,* General Business Law § 353; Executive Law § 63 [12]).

Here, based on the circumstances, including the conflicting statements of the proposed purchaser of apartment 3-C, the Attorney-General's determination to reject the amendment was not arbitrary, capricious or an abuse of his discretion (CPLR 7803 [3]; *Matter of Pell v Board of Educ.,* 34 NY2d 222).

We have considered all other claims and find them to be meritless. Concur—Sullivan, J. P., Kupferman, Ross, Smith and Rubin, JJ.