■ STATE OF NEW YORK, Respondent, v PAUL W. STALLINGS et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (Edward J. Greenfield, J.), entered on or about February 22, 1991, which, *inter alia,* held defendants in contempt pursuant to General Business Law § 359-g, unanimously affirmed, without costs.

There is no merit to defendants' contention that plaintiff State's motion for contempt of a civil judgment should have been brought in a criminal term of the Supreme Court and that the IAS court therefore erred in entertaining it. The Martin Act confers upon the Attorney-General broad powers, including the right to bring either a civil or criminal action for contempt (General Business Law § 359-g [1] [a]). This is in line with the purposes of the Act, which include not only the prevention of fraud by means of filing requirements but the assurance of investigation and appropriate civil or criminal proceedings when wrongdoing is found *(Matter of Greenthal & Co. v Lefkowitz,* 32 NY2d 457, 463).

The record in this case supports the IAS court's finding that defendants wilfully violated the explicit terms of a consent

judgment, dated April 19, 1985, in a manner calculated to defeat, impair, or prejudice the rights or remedies of the State acting in the public interest and were therefore in contempt *(see, Matter of McCormick v Axelrod,* 59 NY2d 574, 583, *amended* 60 NY2d 652). That judgment clearly expressed an unequivocal mandate that the named tenants of defendants' building be restored to physical occupancy under the terms of their rent-controlled tenancies in effect prior to the issuance by the Department of Housing Preservation and Development of a vacate order on April 8, 1983. The conduct of the defendants in seeking to change the nature of those tenancies after the tenants had been restored so as to facilitate evictions was completely inconsistent with the terms of the judgment, and we therefore reject defendants' claim that any disobedience of the consent judgment was not willful *(see, Matter of Department of Envtl. Protection v Department of Envtl. Conservation,* 70 NY2d 233).

We have reviewed the defendants' remaining claims and find them to be without merit. Concur—Ellerin, J. P., Kassal, Smith and Rubin, JJ.