■ 136 EAST 64TH STREET TENANTS ASSOCIATION et al., Respondents, v BARRY BLOOM et al., Respondents-Appellants; CHARLES F. KAUFMAN et al., Respondents, and ROBERT ABRAMS, as Attorney-General of the State of New York, Appellant-Respondent. — Order, Supreme Court, New York County (Sinclair, J.), entered July 23, 1981 granting a preliminary injunction to plaintiffs and denying the cross motion of defendant Attorney-General to dismiss the complaint as against him, and preliminarily enjoining the Attorney-General from accepting any further amendments to the offering, is modified, on the law and the facts, to the extent that the fifth and sixth decretal paragraphs of the order are stricken, the cross motion of defendant Attorney-General to dismiss the complaint as against him is granted, and the preliminary injunction as against defendant Attorney-General is denied, and the order is otherwise affirmed, without costs. This dispute arises out of an attempted conversion of a rental property to a co-operative property. Such a conversion for an "eviction plan" requires acceptance by 35% of the tenants in occupancy. Plaintiffs — objecting tenants — contend that in the present case the 35% includes tenants who had signed a "no-buy pledge"; that these acceptances were in violation of that

pledge and cannot be counted toward the 35%; and that, therefore, the sponsor's "declaration of effectiveness" is invalid. Plaintiffs brought this action for injunctive and declaratory relief. In our view there is no cause of action against the Attorney-General. While the Attorney-General has broad *powers* of investigation, he has no *duty* to investigate or adjudicate as to whether there has been a violation of the no-buy pledge. Indeed the no-buy pledge is not even required to be, and in fact has not been, filed with the Attorney-General. "[N]othing in article 23-A of the General Business Law requires, upon the filing of a plan, that the Attorney-General be obliged to launch a detailed investigation as to the truthfulness of all the representations made in the statement, said instrument being filed simply for informational purposes" (*Matter of Whalen v Lefkowitz*, 36 NY2d 75, 78). It may be argued that there is no great harm in leaving the Attorney-General in as a party even if it does not appear that any affirmative relief can be granted against him, on the theory that it may be desirable to have him bound by the final judgment. However, we are reluctant to make a rule that the Attorney-General can be made an involuntary party to all co-operative apartment conversion litigations. And as all the parties in interest — sponsor, nonaccepting tenants, accepting tenants — are represented in the lawsuit, there is no reason to believe that once the rights of the parties are determined, the Attorney-General will interpose some undefined arbitrary objection or difficulty. Accordingly, the Attorney-General's motion to dismiss the complaint against him should have been granted and no preliminary injunction should have been issued against him. With respect to the remaining defendants, however, serious questions are presented. The defendants, particularly accepting tenants, contend that the no-buy pledge never came into effect because by its own terms, in order to be effective, it had to be entered into by 70% of the rent-stabilized tenants in occupancy, and that condition precedent was not met. Plaintiffs' attorney alleges that he does have the signatures of 70%. Unfortunately the papers do not tell us who the 70% included in the numerator of the fraction are; whether the denominator of the fraction is 55, or 56, or 57, or 58 apartments, and whether, if it is less than 58, any of those tenants included in the numerator are not included in the denominator. In this respect plaintiffs' papers are at fault; plaintiffs have that information and defendants do not. There is of course further the question as to whether a breach of the no-buy agreement invalidates a tenant's acceptance of the plan. Most serious, however, is the uncertainty to which all the tenants are subject as to whether they are going to lose or safeguard their homes on the one hand, or perhaps the opportunity of a large profit on the other. We do not think tenants should be required to make decisions of investments of very large sums of money while under such uncertainty and fear. Therefore, balancing the equities, we think the *status quo* should be maintained and the rights of tenants to subscribe to the plan kept open until the issues can be determined upon a trial. We, therefore, affirm the grant of a preliminary injunction (except as against the Attorney-General). The order appealed from directs an immediate trial. Apparently the Attorney-General's appeal caused an automatic stay. It is still extremely important that there be a trial as nearly immediately as possible and the parties should co-operate to that end. Concur — Sullivan, J. P., Lupiano, Silverman, Bloom and Fein, JJ.