■ MARIA HANSON et al., Respondents, v 136 EAST 64TH STREET ASSOCIATES, Appellant. MARIA HANSON et al., Respondents, v BEEKMAN ESTATE et al., Appellants.—Order of the Supreme Court, New York County (Harold Baer, Jr., J.), entered July 16, 1985, which denied the summary judgment motion of the defendant to dismiss the complaint as to plaintiff Hanson and granted a preliminary injunction to plaintiff

Hanson restricting defendant from selling co-op shares in an apartment on condition of a $50,000 bond, modified, on the law, to grant summary judgment to the defendant dismissing the complaint, and to deny the injunction, and otherwise affirmed, with costs.

Orders of the Supreme Court, New York County (Harold Baer, Jr., J.), entered May 22, 1985, which denied the cross motion of the former landlord The Beekman Estate and of a city marshal to dismiss the complaint against them concerning wrongful eviction, and continued a temporary restraining order restricting sale of co-op shares on the same apartment, reversed, on the law and the facts, and the complaint dismissed, with costs.

These actions grow out of a co-op conversion of 136 East 64th Street in Manhattan. *(See, 136 E. 64th St. Tenants Assn. v Bloom,* 86 AD2d 808.) The plaintiff Hanson initially, in 1980, entered into a lease with The Beekman Estate for three years. Hanson turned the apartment over to a friend, and they were both, after proper legal proceedings, evicted by the defendant The Beekman Estate, using the services of a city marshal. Prior thereto, during the term of the original three-year lease, a co-op plan was proposed, and the plaintiff Hanson made a down payment with respect thereto. However, the subscription agreement was canceled and the down payment refunded.

The Beekman Estate, as landlord, assigned its rights to the defendant 136 East 64th Street Associates, which became the sponsor-seller pursuant to a cooperative plan and is the holder, since December 1984, of the shares of the apartment in question.

The court, at Special Term, denied any relief to the friend and dismissed the friend's complaint, but denied summary judgment as to the complaint of the plaintiff Hanson and granted her a preliminary injunction. We modify to dismiss her complaint as well. She was in violation of the tenancy when she made the unauthorized assignment to her friend culminating in their eviction. Accordingly, she has no rights as an "insider" or otherwise, and summary judgment should have been granted dismissing the complaint. Concur—Kupferman, J. P., Sullivan, Ross and Kassal, JJ.