■ STATE OF NEW YORK, Respondent, and CLAIRE EHRLICH et al., Intervenors-Respondents, v FASHION PLACE ASSOCIATES et al., Appellant. (Action No. 1.) In the Matter of FASHION PLACE ASSOCIATES, Appellant, v NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, Respondent, and CLAIRE EHRLICH et al., Intervenors-Respondents. (Action No. 2.) [638 NYS2d 26] —Order and judgment (one paper), Supreme Court, New York County (Lewis Friedman, J.), entered May 17, 1994, which, *inter alia*, granted plaintiff State of New York's motion for partial summary judgment on its complaint to the extent of permanently restraining and enjoining defendants in Action No. 1 from engaging in any and all acts directly or indirectly involving the offer of sale of real estate securities to the public within or from the State of New York, including cooperative and condominium interests in real property, and from violating the provisions of and the regulations promulgated under article 23-A of the General Business Law (the Martin Act); directed defendants to provide all tenants

who resided in the subject building prior to July 27, 1990 (the date the Plan was declared effective) with all rights accorded to tenants protected by New York's rent stabilization laws and regulations, including but not limited to providing them with a rent stabilized lease; denied defendants' cross-motion for summary judgment dismissing the State's complaint, and, in a proceeding brought pursuant to CPLR article 78, denied petitioner's application challenging a declaratory ruling by the respondent New York City Department of Housing Preservation and Development ("HPD") that the Sponsor was prohibited from unilaterally terminating its tenants' rent stabilization in the subject building by waiving certain real property tax benefits, and dismissed the proceeding, unanimously affirmed, without costs.

Order of the same court and Justice, entered December 30, 1994, which, *inter alia*, denied the Sponsor's motion for reargument and renewal, unanimously affirmed, without costs.

In these consolidated actions under the Martin Act and CPLR article 78, the IAS Court properly determined that the declaratory ruling by HPD that the Sponsor was prohibited from terminating its tenants' rent stabilization status in the subject building by unilaterally waiving J-51 real property tax benefits and exemptions with respect to post-1985 tenancies was not arbitrary and capricious (*Matter of Hill v Perales*, 78 NY2d 351, 354; *Matter of Gramercy N. Assocs. v Biderman*, 169 AD2d 345, 351, *lv denied* 78 NY2d 863). The contrary position would permit a sponsor to reap substantial tax benefits and then escape its concomitant obligations.

Nor did the IAS Court, in granting partial summary judgment in favor of the State, err in determining that the Sponsor had violated the Martin Act, and engaged in a course of conduct in violation of General Business Law § 352-eeee (4), by making material misstatements of fact and by failing to disclose material facts in the offering plan and the amendments thereto with respect to the J-51 tax benefit and rent regulatory status of the subject building (*Council for Owner Occupied Hous. v Abrams*, 72 NY2d 553, 557; *88 Assocs. v Abrams*, 159 AD2d 412, *lv denied* 76 NY2d 702; *Matter of 44 W. 96th St. Assocs. v Abrams*, 85 AD2d 563, 564).

The record reveals that the Sponsor violated the Martin Act by failing to provide prospective purchasers with complete, accurate and available information to afford them with "an adequate basis upon which to found their judgment" (General Business Law § 352-e [1] [b]), by falsely setting forth in the original offering plan the wrong date, June 30, 1989 rather

than July 1, 1998, for the expiration of the J-51 tax benefits, and by failing to warn prospective purchasers in subsequent offering plans of any basis, other than mere speculation, for the Sponsor's unilateral waiver of the J-51 benefits, the risks involved, and that the Sponsor had commenced litigation against some of the tenants by reason of its position on the J-51 tax issue and the deregulation of certain units in the subject premises (*compare, Brockman v Friedberg,* 194 AD2d 393; *Albert Apt. Corp. v Corbo Co.,* 182 AD2d 500, *lv dismissed* 80 NY2d 924).

The acts of the Sponsor in denying the tenants rent regulated leases and asserting that the premises were decontrolled also constituted violations of the anti-harassment provision of the Martin Act (General Business Law § 352-eeee [4]), and Executive Law § 63 (12), which prohibit repeated illegal or fraudulent acts committed in the ordinary course of business (*State of New York v 820 Assocs.,* 116 Misc 2d 901, *affd* 93 AD2d 1008).

The acceptance of the second and third amendments to the offering plan for filing by the Attorney-General did not constitute an approval of the contents of the plan since the filing requirement set forth in article 23-A of the General Business Law is merely for the purpose of affording potential investors and purchasers an adequate basis upon which to found their judgment and since nothing in that section obligates the Attorney-General, upon the filing of a plan, to launch a detailed investigation as to the truthfulness of all the representations made therein (*Matter of Whalen v Lefkowitz,* 36 NY2d 75, 78).

We have considered appellants' remaining arguments and find them to be without merit. Concur—Murphy, P. J., Wallach, Ross, Nardelli and Tom, JJ.