■ In the Matter of SANGRO MANAGEMENT CORPORATION, Appellant-Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and ELAINE DENNIS, Intervenor-Appellant. [807 NYS2d 338]—

Order and judgment (one paper), Supreme Court, New York County (Debra A. James, J.), entered October 15, 2003, which denied petitioner landlord's application to annul respondent New York State Division of Housing and Community Renewal's (DHCR) determination that additional respondent-intervenor has succession rights to the subject apartment, and dismissed the petition, and denied intervenor's cross motion for attorneys' fees under Real Property Law § 234, unanimously affirmed, without costs.

Intervenor's request for a declaration of her right to succeed to the subject apartment was denied by the Rent Administrator on the ground that a cooperative conversion caused the apartment to become destabilized upon the death of the tenant of record, intervenor's mother (citing Rent Stabilization Code [9

NYCRR] § 2522.5 [h] [2]). On intervenor's PAR, the Deputy Commissioner ruled that since intervenor's mother continued as a rent stabilized tenant after the cooperative conversion, her death did not result in destabilization of the apartment, and that the Rent Administrator should have decided whether intervenor had resided with her mother in the apartment for a period of no less than two years prior to the latter's death (citing Rent Stabilization Code § 2523.5 [b] [1]). This the Deputy Commissioner proceeded to do without a hearing, on the basis of the proofs submitted by intervenor to the Rent Administrator, as well as new proofs intervenor submitted for the first time on the PAR. Such proofs were properly considered and sufficient to permit a rational finding of the requisite two-year residency without a hearing (Rent Stabilization Code § 2527.5 [h]). Landlord asserts that it first learned of intervenor's alleged residency only when she requested a renewal lease after her mother's death, but produced no evidence that intervenor lived elsewhere during the two-year period, and cites no law or rule that required intervenor to notify it of her residency in the apartment while her mother was alive (*compare Matter of Evans v Franco*, 93 NY2d 823 [1999]). Nor does landlord argue in favor of the Rent Administrator's order. Intervenor is not entitled to an award of legal fees under Real Property Law § 234 (*see Matter of Chessin v New York City Conciliation & Appeals Bd.*, 100 AD2d 297, 306 [1984]; *Matter of Ista Mgt. v State Div. of Hous. & Community Renewal*, 161 AD2d 424, 426 [1990]). Concur—Tom, J.P., Andrias, Gonzalez and Sweeny, JJ.