■ In the Matter of 160 BLEECKER STREET OWNERS, INC., Appellant, v DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [812 NYS2d 495]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), entered August 19, 2005, which denied petitioner landlord's application to annul respondent Division of Housing and Community Renewal's (DHCR) determination that the subject apartment is rent stabilized, and dismissed the petition, unanimously affirmed, without costs.

Respondent did not exceed its jurisdiction in determining the regulatory status of the subject apartment. Where, as here, a building is converted pursuant to a noneviction plan, the apartments occupied by existing nonpurchasing tenants remain subject to rent regulation (*see Federal Home Loan Mtge. Corp. v New York State Div. of Hous. & Community Renewal*, 87 NY2d 325, 331 [1995]). While the Attorney General is granted the authority to approve the conversion of buildings to cooperative status, DHCR retains the authority to administer the rent laws with respect to the remaining regulated apartments (General Business Law § 352-eeee [5]; *see Council For Owner Occupied Hous. v Koch*, 119 Misc 2d 241 [1983], *affd* 61 NY2d 942 [1984]). On the merits, respondent's determination that the tenants, husband and wife, were in possession of the subject apartment before the Attorney General's acceptance of the conversion plan for filing is amply supported by documentary evidence of occupancy, including a rent bill identifying the husband by name and the apartment by number, a letter from Con Edison addressed to the husband at the apartment, a voter registration card indicating the husband's occupancy of the apartment as of the time he claims, and an initial apartment registration dated after the plan's acceptance for filing indicating the tenants' names, a lease expiration date two years after the tenants claim they took occupancy, and the rent stabilized status of the apartment. This evidence clearly preponderates over the sole document relied upon by petitioner, an affidavit filed by the prior owner in connection with the conversion plan listing the tenants who had completed subscription agreements to purchase their apartments and indicating that the subject tenants took physical occupancy 20 days after the plan's acceptance. Since the Attorney General had no obligation to verify the accuracy of the statements contained in the offering plan (*see Matter of*

*Whalen v Lefkowitz*, 36 NY2d 75, 78 [1975]; *State of New York v Fashion Place Assoc.*, 224 AD2d 280, 282 [1996], *lv dismissed* 89 NY2d 917 [1996]), acceptance of the plan for filing did not constitute a finding by the Attorney General that the tenants moved into the apartment on the date indicated in plan documents. We have considered and rejected petitioner's remaining arguments. Concur—Nardelli, J.P., Sweeny, McGuire and Malone, JJ.