■ In the Matter of PCV ST Owner LP (Successor Owner to Metropolitan Tower Life Insurance Company), Appellant, v New York State Division of Housing and Community Renewal, Respondent. [830 NYS2d 130]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered May 22, 2006, which denied petitioner landlord's application to annul respondent's determination that a tenant has succession rights to the subject apartment, unanimously affirmed, without costs.

The complainant submitted documentation that she had lived in the subject apartment with her parents for two years prior to the parents vacating. Such proofs, properly considered, were sufficient to permit a rational finding of the requisite two-year residency without a hearing (*Matter of Sangro Mgt. Corp. v New York State Div. of Hous. & Community Renewal*, 25 AD3d 330 [2006]). Petitioner failed to rebut this evidence, or even to address it, in its answer, and was thus precluded from disputing it in its petition for administrative review (Rent Stabilization Code [9 NYCRR] § 2529.6; *see Matter of Gilman v New York State Div. of Hous. & Community Renewal*, 99 NY2d 144 [2002]). Concur—Friedman, J.P., Nardelli, Catterson and McGuire, JJ.