Salomone & Co. L.L.C. v Rosenberg (2020 NY Slip Op 06969)





Salomone & Co. L.L.C. v Rosenberg


2020 NY Slip Op 06969


Decided on November 24, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 24, 2020

Before: Friedman, J.P., Manzanet-Daniels, Oing, Kennedy, JJ. 


Index No. 157255/18 Appeal No. 12462-12462A Case No. 2020-02085 

[*1]Salomone & Company L.L.C., Plaintiff-Appellant,
v
Amanda Reisner Rosenberg et al., Defendants-Respondents.


Law Offices of Hariri & Crispo, New York (Ronald D. Hariri of counsel), for appellant.
Grad & Weinraub, LLP, New York (Catharine A. Grad of counsel), for respondents.



Order, Supreme Court, New York County (James Edward D'Auguste, J.), entered December 2, 2019, which denied plaintiff's motion for summary judgment, granted defendants' cross motion to dismiss the complaint, and referred the matter for a hearing on attorneys' fees, unanimously affirmed, without costs. Appeal from decision, same court and Justice, entered November 1, 2019, which granted the same relief, unanimously dismissed, without costs.
The motion court properly granted summary judgment to defendants, dismissing the complaint and setting the matter down for a hearing to calculate their reasonable attorneys' fees based on the court's finding that defendants were rent-stabilized tenants who were entitled to [*2]succession under the Rent Stabilization Code (9 NYCRR [RSC] § 2523.5 [b] [1]).
The parties do not dispute that in 1975, Milton Reisner (Reisner), the father of defendant Amanda Reisner Rosenberg (Reisner Rosenberg) and grandfather of defendant Eli Rosenberg (Rosenberg) entered into a rent-stabilized lease for the subject apartment. The building was converted to cooperative ownership under a non-eviction plan in or about 1984, and Reisner elected not to purchase shares in the cooperative. Plaintiff Salomone & Company L.L.C. (plaintiff) was issued the shares associated with the apartment and continued to rent the apartment to Reisner, never disputing that the apartment remained rent-stabilized during Reisner's lifetime under General Business Law § 352-eeee(2)(c)(vii), which provides in pertinent part, "Non-purchasing tenants who reside in dwelling units subject to government regulation as to rentals and continued occupancy prior to the conversion of the building . . . to cooperative or condominium ownership shall continue to be subject thereto" (see also Matter of 160 Bleecker St. Owners, Inc. v Division of Hous. & Community Renewal, 27 AD3d 369, 370 [1st Dept 2006]). There is no dispute that defendants moved into the apartment with Reisner in or about 2003, five years before his death in 2008.
Under these undisputed facts, plaintiff properly granted Reisner Rosenberg a rent-stabilized lease upon Reisner's death under the Code's succession statute (RSC § 2523.5 [b] [1]). Plaintiff's contention that this was a mutual mistake because the subject apartment became destabilized upon Reisner's death is contradicted by the terms of the non-eviction conversion plan, the governing statutes, and case law (GBL § 352-eeee [2] [c] [vii]; see also Matter of Sangro Mgt. Corp. v New York State Div. of Hous. & Community Renewal, 25 AD3d 330, 331 [1st Dept 2006]). While the relevant period for determining a party's rights as a non-purchasing tenant under a cooperative conversion plan is the time of the conversion, the relevant period for determining if a family member of the non-purchasing tenant protected by the Code is entitled to succession is two years before the non-purchasing tenant's vacatur (id., RSC § 2523.5 [b] [1]).
Given that plaintiff expressly argued to the motion court that defendants moved into the apartment in 2003, and Reisner died in 2008, there is no basis to disturb the motion court's finding that Reisner Rosenberg was entitled to succession under RSC § 2523.5(b)(1). Because nothing in the record contradicts Rosenberg's evidence that he lived in the apartment with his mother for two years before her vacatur, the motion court properly found that he, too, was entitled to succession. Plaintiff's contention that the record did not establish defendants' respective residency in the apartment is belied by its signed admission in the record that Reisner Rosenberg lived in the apartment for two years before Reisner's death, the Division of Housing and Community Renewal registration statements listing her as the tenant for the apartment for the period 2009 through 2018, the affidavit of plaintiff's manager averring that defendants moved into the apartment in 2003, and plaintiff's failure to rebut the evidence before the motion court.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 24, 2020